**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

————————————————————— x
                                              :
In re:                                        :    CHAPTER 11
                                              :
500 NORTH AVENUE, LLC                         :    CASE NO. 14-31094 (JAM)
                                              :
         Debtor.                              :
————————————————————— x

**MOTION FOR AUTHORITY TO USE CASH COLLATERAL**
**AND TO PROVIDE ADEQUATE PROTECTION**
**RE: 1794 BARNUM AVENUE, BRIDGEPORT, CONNECTICUT**

    500 North Avenue, LLC, debtor and debtor-in-possession herein (the "Debtor"), by its undersigned attorneys, hereby moves, pursuant to 11 U.S.C. Section 363(c) and Federal Rule of Bankruptcy Procedure 4001, for an order authorizing use of cash collateral and granting adequate protection, and scheduling a final hearing on use of cash collateral, and as grounds therefore, represent upon information and belief as follows:

    1.    On June 6, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), and has continued in possession of its assets and the operation of its business pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

    2.    The Debtor owns real property located at 1794-1796 Barnum Avenue, Bridgeport, Connecticut (the "Property").

    3.    Manuel Moutinho, Trustee for MARK IV CONSTRUCTION CO INC. 401(K) SAVINGS PLAN ("Secured Creditor" or "Lender") made a certain pre-petition loan to 1794 Barnum Avenue, Inc. ("Barnum") as evidenced by that certain promissory note in the original

principal amount of $175,000 dated May 20, 2002 made by Barnum in favor of Lender (the "First Note"). The First Note was secured by a Commercial Mortgage Deed, Assignment of Rents and Security Agreement dated May 20, 2002 and recorded at Volume 7564, Page 219 of the Bridgeport Land Records (the "First Mortgage").

4. The Secured Creditor made an additional loan to Barnum as evidenced by that certain promissory note in the original principal amount of $100,000 dated December 27, 2005 (the "Second Note"). The Second Note was secured by a Mortgage Deed covering the Property which mortgage was dated December 27, 2005 and recorded at Volume 6761, Page 108 of the Bridgeport Land Records (the "Second Mortgage"). (The First Note, First Mortgage, Second Note and Second Mortgage, as all may have been modified and/or amended, the "Barnum Obligations.")

5. By deed dated May 7, 2013 and recorded on May 16, 2013, Barnum transferred all its right, title and interest in and to the Property to the Debtor subject to existing liens, including the First Mortgage and the Second Mortgage.

6. According to the Secured Creditor the amount due under the Barnum Obligations totals approximately $267,030. The Barnum Obligations are secured by the First Mortgage and the Second Mortgage covering the Property (the "Collateral").

7. To date, no committee of unsecured creditors has been appointed in this case.

8. There are several other alleged liens covering the Property and subsequent in right to the First Mortgage and the Second Mortgage, identified on Schedule A attached hereto and made a part hereof.

9. To the extent Secured Creditor's liens constitute duly perfected, non-avoidable liens against the rental income arising from the Property, then the Debtor's rent receipts constitute "cash collateral", as such term is defined under Section 363 of the Bankruptcy Code. In order to operate and to preserve its going concern value, the Debtor will be required to use and disburse certain cash collateral during the period commencing September 1, 2014 and ending September 30, 2014 (the "Current Period") in order to avoid immediate harm to the Debtor. A budget reflecting necessary monthly disbursements is attached hereto as <u>Exhibit A</u> (the "Budget"). The Debtor further requests a ten (10%) percent variance from any line item on the Budget.

10. As adequate protection against any post-Petition Date diminution of the Secured Creditor's cash collateral within the meaning of Bankruptcy Code Sections 361 and 363, the Debtor proposes to make regular monthly tax payments and adequate protection payments to the Secured Creditor.

11. The relief sought herein is necessary to the continued operation of the Debtor. If the Debtor is not granted the relief sought herein, then the Debtor will suffer irreparable harm in that utility services to the Property may be jeopardized, thereby impairing the value of the Property.

12. Additionally, this Motion requests a final hearing for the authority to use cash collateral.

WHEREFORE, the Debtor respectfully requests that this Court enter an order granting (i) the preliminary relief sought herein; (ii) scheduling a final hearing on use of cash collateral; and (iii) such other and further relief as this Court deems just and proper.

Dated: August 15, 2014  
       New Haven, Connecticut

THE DEBTOR,  
500 NORTH AVENUE, LLC

By:   /s/Douglas S. Skalka  
Douglas S. Skalka (ct00616)  
NEUBERT, PEPE & MONTEITH, P.C.  
195 Church Street, 13th Floor  
New Haven, Connecticut 06510  
Telephone 203.821.2000  
dskalka@npmlaw.com

4

Schedule A

      a.      Blanket Open-End Mortgage Deed and Security Agreement from D.A. Black Inc., Fifth Avenue Lot, LLC, Hawley Enterprises Inc., 80 Shoreline Drive, LLC, 1110 Chapel Street, LLC, 33-35 Light Street, LLC, Millennium Group Management LLC, Success Inc., 1 William Street Inc., 732 Bishop Avenue, LLC, 2060 East Main Street, Inc., 1794 Barnum Avenue, Inc., 1998-2002 Boston Avenue, LLC, Bridgeport Redevelopment Inc., Cummings Enterprises, Inc. and 1055, LLC to Dade Realty Company in the original principal amount of $500,000.00 dated September 25, 2006 and recorded in Volume 7173 at Page 42 of the Bridgeport Land Records.

      b.      Mortgage Deed from 1794 Barnum Avenue Inc. to Red Buff Rita Inc. in the original principal amount of $10,000.00 dated February 1, 2009 and recorded in Volume 8117 at Page 326 of the Bridgeport Land Records.

      c.      Mortgage Deed from 1794 Barnum Avenue Inc. to Oronoque 15 LLC in the original principal amount of $5,000.00 dated February 1, 2009 and recorded in Volume 8117 at Page 341 of the Bridgeport Land Records.

      d.      Tax Lien in favor of the State of Connecticut against 1794 Barnum Avenue, Inc. in the amount of $705.00 dated June 18, 2010 and recorded in Volume 8252 at Page 218 of the Bridgeport Land Records.

      e.      Mortgage Deed from 1794 Barnum Avenue Inc. to Albina Pires in the original principal amount of $1,500.00 dated July 6, 2010 and recorded in Volume 8297 at Page 223 of the Bridgeport Land Records.

      f.      Mortgage Deed from 1794 Barnum Avenue Inc. to Gus Curcio Jr. in the original principal amount of $1,000.00 dated July 6, 2010 and recorded in Volume 8328 at Page 108 of the Bridgeport Land Records.

      g.      Mortgage Deed from 1794 Barnum Avenue Inc. to Robin Cummings in the original principal amount of $800.00 dated September of 2010 and recorded November 30, 2010 in Volume 8330 at Page 177 of the Bridgeport Land Records.

      h.      Mortgage Deed from 1794 Barnum Avenue Inc. to City Streets Inc. in the original principal amount of $3,500.00 dated September of 2010 and recorded March 29, 2011 in Volume 8392 at Page 146 of the Bridgeport Land Records.

      i.      Mortgage Deed from 1794 Barnum Avenue Inc. to Cell Phone Club Inc. in the original principal amount of $3,500.00 dated September of 2010 and recorded March 29, 2011 in Volume 8392 at Page 150 of the Bridgeport Land Records.

      j.      Mortgage Deed from 1794 Barnum Avenue Inc. to Out Law Boxing Kats Inc. in the original principal amount of $3,500.00 dated September of 2010 and recorded March 29, 2011 in Volume 8392 at Page 154 of the Bridgeport Land Records.

      k.      Mortgage Deed from 1794 Barnum Avenue Inc. to Millionair Club Inc. in the original principal amount of $3,500.00 dated September of 2010 and recorded March 29, 2011 in Volume 8392 at Page 158 of the Bridgeport Land Records.

      l.      Mortgage Deed from 1794 Barnum Avenue Inc. to Dahill Donofrio in the original principal amount of $2,000.00 dated July 6, 2010 and recorded in Volume 8403 at Page 69 of the Bridgeport Land Records.

      m.      Mortgage Deed from 1794 Barnum Avenue Inc. to Richard Urban in the original principal amount of $1,200.00 dated September 1, 2010 and recorded in Volume 8403 at Page 73 of the Bridgeport Land Records.

      n.      Mortgage Deed from 1794 Barnum Avenue Inc. to Faye Kish in the original principal amount of $500.00 dated September of 2010 and recorded April 18, 2011 in Volume 8403 at Page 77 of the Bridgeport Land Records.

      o.      Mortgage Deed from 1794 Barnum Avenue Inc. to Dominique Worth in the original principal amount of $500.00 dated September of 2010 and recorded April 18, 2011 in Volume 8403 at Page 85 of the Bridgeport Land Records.

      p.      Tax Lien in favor of the State of Connecticut against 1794 Barnum Ave Inc in the amount of $335.00 dated May 15, 2012 and recorded in Volume 8610 at Page 45 of the Bridgeport Land Records.

      q.      Lien in favor of the Bridgeport Water Pollution Control Authority in the amount of $52.74 dated May 16, 2013 and recorded in Volume 8854 at Page 259 of the Bridgeport Land Records.

      r.      Lien in favor of the Bridgeport Water Pollution Control Authority in the amount of $140.89 dated November 16, 2013 and recorded in Volume 8964 at Page 260 of the Bridgeport Land Records.