**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

|                                      |   |                          |
|--------------------------------------|---|--------------------------|
| In re:                               | : | CHAPTER 11               |
|                                      | : |                          |
| 500 NORTH AVENUE, LLC                | : | CASE NO. 14-31094 (JAM)  |
|                                      | : |                          |
| Debtor.                              | : |                          |

**PRELIMINARY ORDER AUTHORIZING USE OF CASH COLLATERAL AND**
**PROVIDING ADEQUATE PROTECTION TO SECURED CREDITOR**

UPON the Motion (the "Motion") of 500 North Avenue, LLC, Debtor and Debtor-in-Possession (the "Debtor") for authority to, *inter alia*, use the cash collateral of Manual Moutinho, Trustee for Mark IV Construction Co Inc. 401(k) Savings Plan ("Secured Creditor") on an interim and final basis pursuant to 11 U.S.C. Sections 363(c)(2) and 361 and Federal Rule of Bankruptcy Procedure 4001, and an interim hearing ("Interim Hearing") having been held on _____, 2014, and any objections to the Motion having been withdrawn or overruled, and upon the record taken at the Interim Hearing, and all of the pleadings heretofore filed in this proceeding, it is hereby found and determined as follows:

A.   On June 6, 2014 (the "Petition Date") the Debtor filed a voluntary petition (the "Petition") for relief under Chapter 11 of Title 11, United States Code, 11 U.S.C. §101 et. seq. the (the "Bankruptcy Code"), and has continued in possession of its property and the management of its business pursuant to 11 U.S.C. §§1107 and 1108.

B.   As of the date hereof, the Office of the United States Trustee has not appointed an Official Committee of Unsecured Creditors as provided for in Section 1102 of the Code. No trustee or examiner has been appointed in this proceeding.

C.  As of the Petition Date, the Secured Creditor alleges a first priority secured claim against certain real property owned by the Debtor and located at 1794-1796 Barnum Avenue, Bridgeport, Connecticut (the "Property"), including the rents arising therefrom.

D.  Secured Creditor has asserted that the liens and security interests granted to it (the "Pre-Petition Liens") were duly perfected and are senior in time to all other liens and security interests in the collateral.  As more fully set forth in the Motion, there are several other liens covering the Property which are subsequent in right to the First Mortgage and the Second Mortgage.

E.  The use of cash collateral on an interim basis pending a final hearing is necessary to prevent immediate and irreparable harm to the Debtor's estate in that without authorization to use cash collateral, the Debtor's ability to sustain its operations and meet its current necessary and integral business obligations will be impossible.

F.  The Court finds that it is in the best interest of the estate, the Secured Creditor and all other creditors and parties-in-interest; and it is necessary to avoid irreparable harm to the Debtor and its estate, that the preliminary use by the Debtor of cash collateral on the terms and conditions set forth herein be approved, and it is hereby

ORDERED, that:

1.  Pursuant to 11 U.S.C. § 363(c)(2)(B), the Debtor is hereby authorized to use cash collateral, including rental proceeds, which cash collateral may be subject to the liens of the Secured Creditor.  The Debtor may use any cash collateral in accordance with the budget annexed hereto as <u>Exhibit A</u> (the "Budget") with a variance of 10% permitted for the period from the Petition Date through September 30, 2014 (the "Current Period").  The use of cash collateral for the expenses identified in the Budget is necessary to prevent irreparable harm to the estate.

2. In exchange for the preliminary use of cash collateral by the Debtor, and as adequate protection for Secured Creditor's interests therein, the Secured Creditor is hereby granted replacement and/or substitute liens (subject only to the carve-out in paragraph 6 of this proposed order) as provided in Code § 361(2) in post-petition cash collateral, and such replacement liens shall have the same validity, extent, and priority that the Secured Creditor possessed as to said liens on the Petition Date.

3. It is the purpose and intent of this Order to allow the Debtor to use rents which may constitute cash collateral of the Secured Creditor and to provide the Secured Creditor with liens upon post-petition assets to the extent the Secured Creditor held valid liens as of the Petition Date, so that its interests therein will not be diminished during the pendency of this Chapter 11 case. The secured position of the Secured Creditor that existed on the Petition Date may not improve by virtue of the granting of the replacement liens as set forth herein.

4. The term for use of cash collateral shall be for the Current Period. The Debtor and its officers and agents are authorized and directed to execute, file, and record any security agreements, financing statements, instruments, or other documents as may be requested reasonably by the Secured Creditor to evidence and/or perfect the liens and/or security interests granted herein. The Secured Creditor is hereby authorized to file and/or record any such documents, and the automatic stay pursuant to Code § 362 is hereby modified to allow them to file and record such documents as are necessary to evidence and perfect the replacement liens granted herein.

5. Notwithstanding any provision of this Order, nothing herein shall be deemed to be an adjudication or a declaration by the Court of rights with respect to the existence, validity, enforceability, subordination or priority of, or any causes of action relating to the liens or

security interests granted by the Debtor or possessed by the Secured Creditor prior to the Petition Date.  This Order does not provide for cross collateralization.  This Order is without prejudice to any party-in-interest challenging the validity of liens of the Secured Creditor.  Nothing herein shall be deemed to prevent Secured Creditor from seeking to terminate the use of cash collateral for any breach by the Debtor of the terms hereof or to obtain relief from the automatic stay or to assert any other rights, claims, remedies, or defenses available to them.

6. The liens of the Secured Creditor and any replacement thereof pursuant to this Order, and any priority to which the Secured Creditor may be entitled or become entitled under § 507(b) of the Bankruptcy Code, shall be subject and subordinate to a carve-out of such liens for amounts payable by the Debtor under § 1930(a)(6) of Title 28 of the United States Code.

7. A further hearing on the Motion has been scheduled for _____.